UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
                                       :
UNITED STATES OF AMERICA               :
                                       :        19cr91-4 (DLC)
            -v-                        :
                                       :        MEMORANDUM OPINION
CARLOS ROBLEDO-ANEZ,                   :             AND ORDER
                                       :
                     Defendant.        :
                                       :
---------------------------------------X

DENISE COTE, District Judge:

     Following a plea of guilty, Carlos Robledo-Anez was

sentenced on June 10, 2022 principally to a term of imprisonment

of 72 months.  Through a motion filed on May 22, 2025,

Robledo-Anez seeks a reduction of his sentence pursuant to

Amendment 821 to the United States Sentencing Guidelines.  The

motion is denied.


                            **Background**

     Robledo-Anez participated in a conspiracy to supply

enormous quantities of cocaine to the United States from

Bolivia.  He provided an investment that facilitated the

shipment of a sample quantity of cocaine into the United States.

In a July 2018 meeting with confidential sources, he explained

that this sample was meant to be followed by much larger

shipments of cocaine to the United States, and that he would use

contacts within Bolivia's airspace control agencies to

facilitate those shipments.  He later disengaged from the conspiracy.  He was arrested on May 5, 2021, upon his arrival to the United States on a commercial flight.

The parties entered into a plea agreement that included a guidelines range of 135 to 168 months' imprisonment.  In sentencing the defendant, the Court considered among other things his culpability relative to other defendants in the case and the conditions of confinement he had experienced.  It imposed a sentence of imprisonment of 72 months.

The defendant seeks recalculation of his guidelines range, and claims that he is eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821.  He also argues that a reduction is warranted under the § 3553(a) factors.

## Discussion

A judgment of conviction is ordinarily final.  Pursuant to 18 U.S.C. § 3582(c)(2), however, a federal court may reduce a defendant's sentence if the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission when that modification is made retroactive.  United States v. Martin, 974 F.3d 124, 136, 139 (2d Cir. 2020).

When presented with a motion to reduce a sentence pursuant to § 3582(c)(2), the district court must first "determine the

2

amended guideline range that would have been applicable to the
defendant if [the amendment] had been in effect at the time the
defendant was sentenced."  United States v. Zapatero, 961 F.3d
123, 127 (2d Cir. 2020) (quoting U.S.S.G. § 1B1.10(b)(1)); see
also Dillion v. United States, 560 U.S. 817, 827 (2010).  If the
defendant is eligible for a sentence reduction, "a court may
reduce the term of imprisonment after considering the factors
set forth in section 3553(a) and if such reduction is consistent
with applicable policy statements issued by the Sentencing
Commission," which are contained in U.S.S.G. § 1B1.10.  Martin,
974 F.3d at 136 (citation omitted).  Courts may not reduce a
term of imprisonment under § 3582(c)(2) "to a term that is less
than the minimum term of imprisonment specified by a
subsequently lowered Guidelines range," with an exception for
defendants who provide substantial assistance to the Government.
United States v. Young, 998 F.3d 43, 46 n.1 (2d Cir. 2021).  A
reduction in sentence pursuant to § 3582(c)(2) is not a plenary
sentencing proceeding.  Dillon, 560 U.S. at 827.

Even when a defendant is eligible for a reduction, "a
sentencing court has discretion to deny a motion to reduce a
sentence pursuant to § 3582(c)(2)."  United States v. Brooks,
891 F.3d 432, 436 (2018) (addressing a denial to reduce a
sentence pursuant to Amendment 782).  In deciding whether to
reduce a sentence, a court should consider "how it would have

3

sentenced" the defendant if the newly-calculated Guidelines range had been in effect at the time of the original sentence. Id. at 437. If the court would have imposed a lower sentence, the court should ask "why it is appropriate to keep in place" a higher sentence. Id.

Amendment 821 to the Sentencing Guidelines went into effect on November 1, 2023, and applies retroactively. See U.S.S.G. § 1B1.10(d). Among other changes, Amendment 821 provided a decrease of two levels in the offense level of defendants who did not receive any criminal history points and whose instant offense did not involve specified exclusions. Amendment 821 was informed by studies of recidivism which showed that offenders with zero criminal history points "have considerably lower recidivism rates" than other offenders, including those with one criminal history point. The Sentencing Commission determined that the "departure and variance rates for zero-point offenders, coupled with its recidivism data" warranted the amendment. U.S.S.G. App. C, Amendment 821, Reason for Amendment. The Sentencing Commission explained also that the exclusion criteria were informed by data analyses, public comment and existing legislation. U.S.S.G. App. C, Amendment 821, Reason for Amendment.

This motion is denied for two independent reasons. First, the defendant is precluded from a sentence reduction. His

4

sentencing guidelines level was 33.  Applying a two-level decrease for a zero-point offender, the guidelines level becomes 31, with a guidelines range of 108 to 135 months.  The defendant was sentenced to 72 months' imprisonment, which is substantially below the bottom of a newly calculated range.  The defendant therefore is not entitled by Amendment 821 to any further decrease in his sentence.

Moreover, the § 3553(a) factors weigh strongly against a reduction in the defendant's sentence.  He was involved in an enormous cocaine trafficking operation.  He has already been given a substantial sentencing reduction because of careful consideration of § 3553(a) factors.  No further reduction is warranted.

## Conclusion

Robledo-Anez's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) is denied.  Robledo-Anez having not made a substantial showing of a denial of a federal right, a certificate of appealability shall not be granted.  Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir. 2013).  Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Opinion and Order would not be taken in good faith.  Coppedge v. United States, 369 U.S.

438, 445 (1962).

Dated:      New York, New York
            August 14, 2025

                                    _____
                                         DENISE COTE
                              United States District Judge