UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
UNITED STATES OF AMERICA,                :
                                         :        19cr91-4 (DLC)
            -v-                          :
                                         :      MEMORANDUM OPINION
CARLOS ROBLEDO-ANEZ,                     :          AND ORDER
                                         :
                Defendant.               :
                                         :
-----------------------------------------X

DENISE COTE, District Judge:

     Following a guilty plea, Carlos Robledo-Anez was sentenced
on June 10, 2022 principally to a term of 72 months'
imprisonment.  He is scheduled to be released on June 15, 2026,
and it is expected that he will be deported to Bolivia
thereafter.  Through a motion filed on December 17, 2025,
Robeldo-Anez seeks compassionate release from prison.  The
motion is denied.

## Background

     Robledo-Anez participated in a conspiracy to supply
enormous quantities of cocaine to the United States from
Bolivia.  He provided an investment that facilitated the
shipment of a large sample into the United States.  He was
planning to use his contacts within Bolivia's airspace control
agencies to facilitate the larger shipments that would follow.

He was arrested in May of 2021 when traveling to the United States.

His plea agreement with the Government included a Sentencing Guidelines calculation of 135 to 168 months' imprisonment.  In sentencing the defendant, the Court considered, inter alia, his relative culpability and the conditions of confinement he had experienced.  As noted, it imposed a sentence of 72 months' imprisonment.

On August 14, 2025, the defendant's motion for a sentence reduction pursuant to Amendment 821 to the Sentencing Guidelines was denied.  In doing so, the Court held that the § 3553(a) factors weighed strongly against a reduction in the defendant's sentence.

The defendant applied to the warden of his BOP institution for compassionate release on two occasions -- first on October 30, 2024, and again on October 21, 2025.  On December 17, 2025, Robledo-Anez moved this Court for compassionate release, principally because of his medical condition.  Upon learning that the Scheduling Order of December 19 was not docketed, the Court ordered on February 5, that the Government respond to the motion by February 20.  In that response, the Government opposed the defendant's early release, arguing that his motion does not present the extraordinary grounds required to support the application and that the § 3553(a) factors weigh against early

release.  Both the defendant and the Government have attached voluminous medical records to their submissions.

## Discussion

Since Robledo-Anez exhausted his administrative remedies by twice requesting compassionate release from his warden, the Court may reduce Robledo-Anez's sentence if "extraordinary and compelling reasons" warrant a reduction.  18 U.S.C. § 3582(c)(1)(A)(i).  District courts are tasked with "independently ... determin[ing] what reasons, for purposes of compassionate release, are extraordinary and compelling." United States v. Brooker, 976 F.3d 228, 234 (2d Cir. 2020) (citation omitted).  If Robledo-Anez has shown that "extraordinary and compelling reasons" are present, the Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) before reducing the sentence.  United States v. Amato, 48 F.4th 61, 63 (2d Cir. 2022) (citing 18 U.S.C. § 3582(c)(1)).

Robledo-Anez moves for compassionate release primarily due to his need for follow-up care after surgery for cancer.  The medical records indicate that on August 28, 2025, an outside medical provider, Geisinger, performed surgery to treat the defendant's "HPV-mediated" invasive squamous cell carcinoma. The surgery removed part of his tonsils and tongue and other adjacent tissues and lymph nodes.  No cancer was detected in the adjacent tissues and lymph nodes.  He has had periodic medical

3

appointments since the surgery.  Currently, those reports indicate that he is pain-free.  He was last seen at Geisinger in early January, and a follow-up appointment was recommended "in 3-4 months."

Geisinger recommended a NavDx blood test as part of its treatment plan.  A letter from Naveris that is in the defendant's materials explains that this is advanced technology for which most health insurance companies have not yet established coverage.  According to Naveris, the test helps physicians personalize care for people with HPV-positive cancers.  The defendant reports that the BOP has refused to pay for this test.

Robledo-Anez has not shown that any of his medical conditions, including his cancer, constitute the extraordinary conditions that support compassionate release.  The voluminous medical records indicate that he is receiving medical care for each of the health conditions he identifies, including his cancer diagnosis.  While some of the medical conditions are serious, including the cancer diagnosis, the records do not reflect that the BOP has failed to provide him with medical care appropriate to those conditions or that he has received a diagnosis that would counsel in favor of immediate release.

Robledo-Anez emphasizes that the BOP refuses to pay for more NavDx tests.  At least one such test was performed at

Geisinger's request.  The BOP's refusal to pay for this "innovative" test does not constitute extraordinary circumstances.  Should a treating physician indicate that the test is important to the defendant's treatment and should the BOP continue to refuse to pay for it, the defendant may renew this motion.

Even if the defendant had established extraordinary circumstances, however, this motion would be denied.  The defendant actively engaged in large-scale drug trafficking.  He played a significant role in the successful shipment of a multi-kilogram sample of cocaine.  The sentence imposed in 2022 reflected a substantial variance below his Sentencing Guidelines range.  No further reduction is warranted by any of the § 3553(a) factors.  Accordingly, it is hereby

ORDERED that Robledo-Anez's motion for compassionate release is denied.

IT IS FURTHER ORDERED that the Clerk of Court shall mail Robledo-Anez a copy of this Order and note mailing on the docket.

Dated:    New York, New York
          March 11, 2026

_____
DENISE COTE
United States District Judge

5